UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 3994 |
| | ) | |
| JAMES O'BRIEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant William Healy to dismiss the complaint of Plaintiff Robert Wilson as it pertains to him. For the reasons set forth below, the motion is granted.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for the purposes of the instant motion, Wilson was arrested in March 1997 for an attack that took place the day before, in which a woman had been badly cut while waiting at a bus stop in Chicago. Defendants James O'Brien, Gerald Carroll, and John Halloran were the arresting officers; they are members of the Chicago Police Department. Defendant Healy was an Assistant Cook County State's Attorney ("ASA") assigned to the case at the time of the interrogation.

After his arrest, Wilson was held in police custody for approximately 30 hours. He alleges that during that time, O'Brien, Healy, and others unnamed physically abused him; denied him adequate sleep, food, and necessary medication; intimidated him; and promised him leniency if he confessed and violence if he did not. The interrogation period ceased when Wilson gave an oral statement stating that he had committed the attack for which he had been arrested, though the account he gave conflicted with that given by the victim with respect to a number of details. Healy prepared a written, paraphrased form of Wilson's statement, which was thereafter signed by Wilson, Healy, and O'Brien.

The complaint goes on to contend that the arresting officers as well as other members of the Chicago Police Department manipulated the victim of the attack into identifying Wilson as her assailant and then withheld from Wilson and his counsel that she had initially expressed doubt in her identification of him. Other similar crimes had been committed during the same time period in the same area, and another person had been arrested for their commission. During the trial, Wilson's attorney attempted to introduce evidence regarding this second offender but was barred from doing so by the trial judge. At the conclusion of the trial, the jury found Wilson guilty of attempted murder. The complaint does not state whether Healy presented the State's case against Wilson at trial. However, he testified at the trial to authenticate the handwritten version

of Wilson's statement.  His conviction was upheld by the state courts throughout direct appeal and postconviction proceedings.

In January 2006, Wilson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; the judge considering the petition issued the writ after concluding that Wilson's Sixth Amendment right to a fair trial was violated by the trial judge's refusal to permit him to introduce evidence that another party committed the crime.  The State was directed to retry Wilson within 90 days or release him from custody.  Thereafter, the victim was given details of the second offender's conduct and recanted her identification of Wilson as her attacker.  The State chose not to retry Wilson, and he was released.

Thereafter, Wilson brought this eight-count civil action against 11 Chicago police officers, ASA Healy, the City of Chicago, and Cook County.  Counts I, II, and III allege violations of 42 U.S.C. § 1983 based on due process, conspiracy, and failure to intervene, respectively.  The next three counts set out state-law causes of action against the individual defendants:  Count IV alleges a claim for malicious prosecution; Count V, a claim of civil conspiracy in violation of state law; and Count VI, a claim for intentional infliction of emotional distress.  The remaining two counts contain allegations against the City and Cook County for *respondeat superior* and indemnification for any liability found on Counts IV-VI.

Healy now moves to dismiss the complaint as to him for failure to state a claim or for lack of subject matter jurisdiction. The County also moves for dismissal of the portions of Counts VII and VIII that pertain to it in the event that we dismiss Healy from this action.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). If the complaint so

unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Moreover, if a plaintiff alleges facts within a complaint that defeat an essential element of a claim, the complaint can be dismissed under Rule 12(b)(6). *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).

With these principles in mind, we consider the instant motion.

## DISCUSSION

In their initial memorandum, Healy and the County raise several arguments in support of their motion to dismiss: absolute prosecutorial immunity, a statute of limitations defense, and exclusive jurisdiction of the Illinois Court of Claims.

Because subject matter jurisdiction is a threshold issue, we will address Healy's position on that front first. Healy asserts that we are without subject matter jurisdiction to consider the state law claims asserted against him because of 705 ILCS 505/8, which purports to vest exclusive jurisdiction in the Illinois Court of Claims for "[a]ll claims against the State for damages in cases sounding in tort."

This argument is a nonstarter. It is well-settled that a state law, even one purporting to establish exclusive jurisdiction in a particular state court, cannot have the effect of contracting the subject matter jurisdiction of a federal court as established by Congress. *See*, *e.g.*, *Goetzke v. Ferro Corp.*, 280 F.3d 766, 779 (7th Cir. 2002); *Truck*

*Components, Inc. v. Beatrice Co.*, 143 F.3d 1057, 1061 (7th Cir. 1998). The state-law claims set out in Wilson's complaint are firmly within the scope of the supplementary jurisdiction conferred upon this court by 28 U.S.C. § 1367(a). Thus, the state statute upon which Healy and the County rely has no effect on our ability to entertain the state law claims against Healy.

We note in passing that, in the context of making arguments regarding exclusive jurisdiction, Healy cites several Illinois cases for the proposition that an ASA is not a county employee but a state official. *See, e.g.*, *Ingemunson v. Hedges*, 549 N.E.2d 1269, 1271 (Ill. 1990); *Biggerstaff v. Moran*, 671 N.E.2d 781, 783-84 (Ill. App. Ct. 1996). However, the County does not make the corresponding argument that the counts against it, which are wholly derivative of those against Healy, should be dismissed because of the lack of an employer-employee relationship. Since the parties have not identified or briefed this issue, however, we will not discuss it further.

We thus turn our attention to the two remaining grounds set out in the motion: absolute immunity and timeliness of the complaint. In his response, Wilson contends that Healy is not entitled to absolute immunity because the complaint ascribes activities to him that would be outside of the scope of his duties as a prosecutor. Both federal and Illinois law recognize absolute immunity for prosecutors from civil liability stemming from acts within the scope of prosecutorial duties. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 990 (1976); *White v. City of Chicago*, 861 N.E.2d 1083,

1092-93 (Ill. App. Ct. 2006). However, the protection does not extend to activities outside the scope of prosecutorial duties; immunity attaches as a result of the conduct undertaken, not because of the job title of the person engaging in the conduct. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 276, 113 S. Ct. 2606, 2617 (1993). Wilson claims that the conduct ascribed to Healy within the complaint, such as physically abusing Wilson and denying him adequate sleep, food, and medication during the 30-hour interrogation goes outside the scope of his duties as an ASA and therefore contends that Healy cannot be dismissed from the suit on grounds of absolute immunity.

With respect to the statute of limitations defense, to avoid the effect of the recent case of *Wallace v. Kato*, — U.S. —, 127 S. Ct. 1091, 1100 (2007), Wilson represents that he intends to assert only claims that are "based upon the defendants' denial of Plaintiff's right to a fair trial by concealing exculpatory information... including facts regarding the manipulation of [the victim] into falsely identifying Plaintiff as her attacker and the fact that [she] had initially denied that Plaintiff was the perpetrator." Pl.'s Resp. at 13.

If read in isolation, these two arguments would seem to require denial of the motion to dismiss. However, the argument Wilson makes to circumvent *Wallace* leaves within the complaint only activities that took place during Healy's involvement with the case as a prosecutor. Consequently, Healy stands accused solely of conduct within the scope of his duties as a prosecutor, and the arguments against the application of absolute

immunity are negated. Healy's motion to be dismissed as a party is therefore granted. Because the County's inclusion in the complaint is wholly derivative of the claims against Healy, his dismissal from the suit mandates like treatment for the County.

## CONCLUSION

Based on the foregoing, the motion to dismiss of Defendants William Healy and Cook County is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:  December 13, 2007