UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES O'BRIEN (Star No. 20466), | ) | |
| GERALD CARROLL, JOHN HALLORAN, | ) | |
| ESTATE OF EDWARD TRIGGS, | ) | |
| CHICAGO POLICE DETECTIVE | ) | 07 C 3994 |
| ROLSTON (Star No. 20101), CHICAGO | ) | |
| POLICE DETECTIVE McINERNEY | ) | |
| (Star No. 20202), CHICAGO POLICE | ) | |
| DETECTIVE MOSER (Star No. 20465), | ) | |
| CHICAGO POLICE DETECTIVE | ) | |
| THOMAS M. COUGHLIN (Star No. | ) | |
| 20983), CHICAGO POLICE DETECTIVE | ) | |
| RICHARDS (Star No. 21200), CHICAGO | ) | |
| POLICE SERGEANT BONKE (Star | ) | |
| No. 2108), and CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on two motions filed by Defendants James

O'Brien, Gerard Carroll, John Halloran, Leonard Rolston, Daniel McInerney, William

Moser, Albert Graf, Warren Richards, Fred Bonke, and the City of Chicago

(collectively referred to as "O'Brien"). The first is a motion to dismiss ¶¶ 2, 23, and 25

of the second amended complaint; the second is a motion for release of mental health records of Jerryco Wagner. For the reasons set forth below, the motions are denied.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for present purposes, Wilson was arrested in March 1997 for an attack that took place the day before, in which a woman was badly cut while waiting at a bus stop in Chicago. Defendants James O'Brien, Gerald Carroll, and John Halloran were the arresting officers; they were officers in the Chicago Police Department. After his arrest, Wilson was held in police custody for an extended period of time, during which he was allegedly physically abused; denied adequate sleep, food, and necessary medication; intimidated; and promised leniency if he confessed and violence if he did not. The interrogation period ceased when Wilson gave an oral statement stating that he had committed the attack for which he had been arrested.

The complaint contends that the arresting officers as well as other members of the Chicago Police Department manipulated the victim of the attack into identifying Wilson as her assailant and then withheld from Wilson and his counsel that she had initially expressed doubt. Other similar crimes had been committed during the same time period in the same area, and a man named Jerryco Wagner had been arrested for their commission and had confessed. Wagner was tried for the other attacks but was

found not guilty by reason of insanity. He has been housed at the Chester Mental Health Center since that time.

Wilson was convicted of attempted murder and was imprisoned for nine years before obtaining a writ of habeas corpus pursuant to 28 U.S.C. § 2254. When directed by the federal court to retry Wilson within ninety days or release him from custody, the State chose the latter.

Thereafter, Wilson brought suit against Defendants, alleging violations of 42 U.S.C. § 1983 based on due process, conspiracy, and failure to intervene. The initial complaint asserted that Wagner was not interviewed regarding the attack for which Wilson was arrested. The most recent pleading states instead that the police did interview Wagner and that he confessed to the attack in the interview, but the police did not provide that information to Wilson or his attorney. Wagner has provided an affidavit stating that he is willing and competent to testify that he was interviewed regarding the attack for which Wilson was convicted and that during that interview he admitted to its commission.

O'Brien now moves to dismiss the new allegations and for an order mandating the release of all of Wagner's mental health records.

## LEGAL STANDARDS

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion

to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To state a claim on which relief can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). The court will apply the notice-pleading standard on a case-by-case basis to evaluate whether recovery is plausible. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). However, if the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

**B. Motion for Release of Records**

The scope of discoverable information under the Federal Rules of Civil Procedure is broad, but parties are not entitled to discovery of privileged information. Fed. R. Civ. P. 26(b)(1). In *Jaffee v. Redmond*, 518 U.S. 1, 9, 116 S. Ct. 1923, 1928 (1996), the Supreme Court recognized the existence of a federal common law privilege under Fed. R. Civ. P. 501 protecting communications between psychologists and patients.

With these principles in mind, we turn to O'Brien's motions.

## DISCUSSION

**A. Motion to Dismiss**

O'Brien's motion to dismiss is premised on an assertion that the applicable statute of limitations expired in November 2008 and that the challenged paragraphs amount to a new claim that is time-barred. Wilson does not dispute that the statutory period has run; instead he contends that his new assertions relate back to others that were timely filed, making dismissal inappropriate.

Fed. R. Civ P. 15(c)(1)(B) provides that amendments to a timely pleading made outside a statute of limitations relate back to the date of the original pleading if the original and amended pleadings arise out of the same conduct, transaction, or occurrence. In support of the instant motion, O'Brien argues that the new allegations describe conduct different from that alleged in the previous versions of the complaint,

namely that officers concealed the existence and contents of an interview with Wagner rather than failing to conduct one.

O'Brien's interpretation of the scope of Rule 15(c)(1)(B) is too narrow. The new allegations pertain to the manner in which the police conducted the investigation of the attack for which Wilson was arrested, just as the prior pleading did. The defendants have been on notice since before the expiration of the limitations period that Wilson intended to seek redress for alleged violations of his due process rights during his arrest and the ensuing police investigation. Consequently, the contents of the three challenged paragraphs arise out of the overall occurrence that has been at issue since the inception of the suit, and the defendants are not prejudiced by the inclusion of the new matter. The relation back doctrine preserves the new allegations as timely filed. Dismissal under 12(b)(6) is therefore not warranted.

**B.  Motion for Release of Records**

In the motion for release of mental health records, O'Brien seeks a preemptive, blanket order commanding release of all records of treatment, testing, and medication prescribed during the more than nine years that Wagner has been housed at Chester Mental Health Center. Though O'Brien states that the motion for release was served on Wagner as well as officials at the facility where he is housed, there is no claim that these records have been sought such that the privilege issue would be crystallized. Moreover, given the nature of Wagner's involvement in this proceeding, it is unlikely

that all of his records are necessary, making the current request overbroad even if it was appropriately timed. There has been no attempt to obtain information through other sources, although Wilson has apparently obtained Wagner's mental health evaluations taken during his 1999 trial from the Cook County State's Attorney. Neither has O'Brien investigated whether Wagner or his legal representative intend to assert the privilege with respect to all of the records at issue. In the absence of this information, we cannot assess the propriety of O'Brien's actions or the application of privilege, if any. Accordingly, the motion for release is denied without prejudice to representment at such time that a crystallized dispute arises.

### CONCLUSION

Based on the foregoing, O'Brien's motions are denied.

Charles P. Kocoras
United States District Judge

Dated:     September 2, 2009