UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ROBERT WILSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 3994 |
| | ) | |
| JAMES O'BRIEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff Robert Wilson to quash a deposition subpoena for Tyler Nims. For the reasons set forth below, the motion is denied.

## **BACKGROUND**

The litigation underlying the instant motion is a § 1983 suit brought by Wilson. In 1999, Wilson was convicted in Illinois state court of attempting to murder June Siler by attacking her with a box cutter. Seven years later, Wilson successfully petitioned for a writ of habeas corpus; the judge issuing the writ ruled that Wilson's Sixth Amendment right to a fair trial had been violated and that his continued incarceration was therefore unlawful under the United States Constitution. The judge provided that the State of Illinois could either begin proceedings to retry Wilson within 90 days of the issuance

of the writ or release him. The State chose the latter option. In July 2007, Wilson filed the instant case, seeking civil damages against eleven police officers, the Assistant State's Attorney who prosecuted his case, the City of Chicago, and Cook County. The county and the ASA were dismissed on December 13, 2007.

In June 2009, in conjunction with a motion for leave to amend his complaint, Wilson obtained an affidavit of Jerryco Wagner. Wagner had previously been tried for several physical attacks committed in the same area where Siler was attacked and around the same time, but he had been found not guilty for those crimes by reason of mental disease or defect. Since his criminal proceedings were completed, Wagner has been housed at two Illinois mental health facilities. Within the affidavit, Wagner states that he was Siler's attacker and that he had confessed to that crime to Chicago police officers in 1997.

Before the affidavit was prepared, two persons involved with Wilson's case interviewed Wagner: Tyler Nims, who at the time was a law student, and J. Samuel Tenenbaum, a professor at the law school Nims attended and one of Wilson's attorneys of record in this case. Nims met with Wagner once by himself and once with Tenenbaum. At the time that he met with Wagner, Nims was licensed under Illinois Supreme Court Rule 711, which provides in pertinent part that an eligible law student, under the supervision of a fully licensed Illinois attorney and with the written consent

of the client, may conduct all pretrial, trial, and posttrial proceedings in civil matters or certain specified criminal cases without the supervising attorney present. Ill. Sup. Ct. R. 711(c)(iii).

Since the affidavit surfaced, defense counsel has deposed Wagner on these issues. Nims has also been subpoenaed for deposition; according to the parties' submissions on the instant motion, the deposition is being sought solely to question Nims about the two interviews he conducted with Wagner. Wilson now moves to quash the deposition subpoena in its entirety.

## LEGAL STANDARD

Federal Rule of Civil Procedure 30(a)(1) provides civil litigants with a "general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). Rule 45 lays out the procedures governing the use of subpoenas. Failure to comply with a properly issued subpoena exposes the person to whom it is directed with contempt or other court-imposed sanctions. Fed. R. Civ. P. 45(e). Rule 45 also imposes limits on parties' use of subpoenas, including modification or quashing of a subpoena in certain circumstances. Fed. R. Civ. P. 45(c)(3). A subpoena must be quashed when, *inter alia*, it will result in the disclosure of matter that is privileged or otherwise protected (provided that no exception to or waiver of the protection exists) or when compliance

with it would impose an undue burden upon the subpoenaed party. Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv).

## DISCUSSION

As an initial matter, since the instant motion is filed not by Nims but by Wilson, we briefly address the threshold issue of standing. In general, only the recipient of a subpoena has standing to move to quash. 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459. The parties have not discussed the issue, and the general rule stated by Wright and Miller is subject to exception if the subpoena infringes upon the legitimate interests of a movant whether or not that movant is the recipient of the subpoena. *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). Because part of Wilson's motion is premised upon work product privilege, which can be invoked by either an attorney or a client, *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006), Wilson's legitimate interests could be implicated by the subpoena under review. Consequently, we will assume that Wilson has standing to pursue his motion to quash.

Despite the general permissiveness of Fed. R. Civ. P. 30(a)(1) with regard to persons who can be deposed, Wilson argues that the subpoena should be quashed based upon an approach set out in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). In *Shelton*, during an attorney's deposition, she refused to answer questions that she felt sought information that was protected work product. *Id.* at 1325. The trial court,

after concluding that the information was not in fact protected, held that the attorney's persistence in maintaining her silence was sanctionable and warranted default judgment against her client. *Id.* at 1326. On appeal, the Eighth Circuit Court of Appeals disagreed with the trial court's assessment of the nature of the information as well as the sanction imposed. *Id.* at 1330.

In reaching its decision, the appellate court discussed the overall propriety of a deposition of opposing counsel and reasoned that though trial counsel is not immune from deposition, the circumstances under which a deposition would be acceptable are limited. *Id.* at 1327. According to the Eighth Circuit, this exception would apply only when the sole means of obtaining the information was to depose opposing counsel and the information that counsel possessed was "crucial" to the opponent's case preparation. *Id.* at 1327. The court also noted that the information would need to be relevant and nonprivileged, but under Fed. R. Civ. P. 26(b)(1), that is true for any information sought in discovery.

Since *Shelton* was decided, several courts have applied the factors set out in that case. *See*, *e.g.*, *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628-29 (6th Cir. 2002); *Howard v. Securitas Sec. Servs., USA Inc.*, 630 F. Supp. 2d 905, 910-11 (N.D. Ill. 2009); *M&R Amusements Corp v. Blair*, 142 F.R.D. 304, 305 (N.D. Ill. 1992). However, neither the Seventh Circuit nor the Supreme Court is among their numbers,

despite Wilson's vehement assertion that we must examine this case using the *Shelton* factors. In fact, other courts have disapproved of the Eighth Circuit's approach on the ground that it is overly strict. *See*, *e.g.*, *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70-72 (2d Cir. 2003). The alternative position, one of flexibility and consideration of all the circumstances presented in a particular case, permits discovery to proceed until a clear obstacle is encountered. *See*, *e.g.*, *id.*; *qad.inc v. ALN Associates, Inc.*, 132 F.R.D. 492, 495 (N.D. Ill. 1990); *see also aaiPharma, Inc. v. Kremers Urban Development Co.*, 361 F. Supp. 2d 770, 774-75 (N.D. Ill. 2005); *Hunt Int'l Res. Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D. Ill. 1983). In the absence of controlling authority to the contrary, we conclude that the correct approach is the latter and look to the Federal Rules of Civil Procedure for guidance on how to resolve the instant motion.

A subpoena must be quashed when, *inter alia*, it will result in the disclosure of matter that is privileged or otherwise protected (provided that no exception to or waiver of the protection exists) or when compliance with it would impose an undue burden upon the subpoenaed party. Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). In this case, the proposed deposition is limited in scope and directed toward a time when Nims was working in an investigative capacity. Regardless of the characterization of his overall role in this litigation, Nims is likely to possess information about the interviews that is neither privileged nor protected. As was the case even in *Shelton*, the most effective way to

assess the existence of legal protections or privileges is in context, not via a blanket prohibition on any inquiry that may implicate information not properly within the scope of discovery. *See Hunt Int'l*, 98 F.R.D. at 690-91.

Wilson has not provided any support for a conclusion that deposition of Nims will impose an undue burden on Nims. The only information supplied that pertains to a potential burden on Nims pertains to his ability to participate in this case in the future. However, Nims is no longer a law student, nor is he a member of any state's bar or an attorney of record in this case. Whether he will actually serve as counsel to Wilson is speculative at this point, as is any assertion that his deposition will necessarily compromise his ability to do so at some later time. As the rule specifies, not every burden on a deponent will be sufficient grounds for quashing a subpoena; only undue burdens will justify the extreme mechanism Wilson requests. Without a particularized presentation of the impact that Nims would face if he were unable to become a junior member of Wilson's litigation team, there is no basis to conclude that any burden to him would be undue, especially in light of the countervailing importance of the information Defendants seek to gain through his deposition. Moreover, given the extremely unusual factual setting in which this motion arises and the flexible, holistic consideration of requests to quash required by the rules of civil procedure, Wilson's professed fear that allowing this deposition to proceed will have a chilling effect over members of the bar

as a whole who interview potential witnesses in the course of representing a client is not realistic. Accordingly, we do not find that quashing the subpoena is necessary in this case, and Wilson's motion is denied.

Even though we do not agree with Wilson's position that *Shelton* supplies the proper analytical framework for the issues surrounding Nims' deposition, the outcome of this motion would be the same even if it did. Defendants have shown that the information they seek from Nims cannot be obtained from another source. Wilson claims that Defendants can obtain and in fact have obtained all the information they need by deposing Wagner about the interviews Nims conducted. However, Wagner's mental health is and has been at issue ever since his entry into these proceedings. Consequently, it is a dubious proposition that Wagner is an acceptable surrogate for others who do not implicate like concerns for their ability to accurately perceive and relate events. Nims is the only other person with information about both interviews and therefore is fairly characterized as the sole source for that information.

With regard to the importance of the information to Defendants' case preparation, the statements contained in Wagner's affidavit form the basis for the substantive allegations that Wilson added to his complaint in 2009. Without the ability to test the veracity of those statements, Defendants will be unable to prepare a fully developed defense to Wilson's allegations. Finally, as discussed in more detail above, we are

unconvinced that information sought from Nims will of necessity be subject to privilege or other legal protection.

## CONCLUSION

Based on the foregoing analysis, Wilson's motion to quash the subpoena for deposition of Tyler Nims is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:     April 6, 2010