1

```
 1   STATE OF ILLINOIS )
                      ) SS:
 2   COUNTY OF C O O K )

 3       IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
               COUNTY DEPARTMENT-CRIMINAL DIVISION
 4
     THE PEOPLE OF THE        )
 5   STATE OF ILLINOIS,       )
                              )
 6              Plaintiff,    )
                              )  No. 90 CR 23997
 7       vs.                  )
                              )  Charge:
 8   CORTEZ BROWN a/k/a       )
     VICTOR SAFFORLD,         )
 9                            )
                Defendant.    )
10

11              REPORT OF PROCEEDINGS of the

12   hearing had before the HONORABLE CLAYTON J.

13   CRANE, on the 22nd day of May 2009, in Chicago,

14   Illinois.

15

16              APPEARANCES:

17                  OFFICE OF THE ATTORNEY GENERAL, by
                    MR. VICENZO CHIMERA, PAUL BERVID
18                  and ERIC LEVIN,
                    Assistant Attorney Generals,
19                  on behalf of the People;

20                  MR. LOCKE BOWMAN, MR. FLINT
                    TAYLOR, MS. JOEY MOGUL and
21                  MS. SARAH GELSOMINO,
                    on behalf of the Defendant.
22
     Sandra Battaglia
23   Official Court Reporter
     Criminal Division
24   C.S.R. #084-003168
```

**EXHIBIT A**

1
2                          INDEX
3
4      People vs. CORTEZ BROWN a/k/a VICTOR SAFFORLD
5
6      Ruling:  P. 3
7
8      Reporter's Certificate - Page 10
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

```
1          THE COURT:  Okay.  The next matter before
2     the Court is the People of the State of Illinois
3     versus Cortez Brown also known as Victor
4     Safforld.  You can take a seat over there.
5               Okay.  Hopefully this is the last
6     time in this issue.  Counsels, announce your
7     names for the record from the Petitioner's table
8     first.
9          MR. BOWMAN:  My name is Locke Bowman on
10    behalf of Victor Safforld.
11         MR. TAYLOR:  Flint, F-L-I-N-T, Taylor on
12    behalf of Mr. Safforld.
13         MS. MOGUL:  Joey Mogul, M-O-G-U-L, on
14    behalf of Mr. Safforld.
15         MS. GELSOMINO:  Sarah Gelsomino,
16    G-E-L-S-O-M-I-N-O, on behalf of Victor Safforld.
17         MR. LEVIN:  Eric Levin, L-E-V-I-N, on
18    behalf of the Attorney General's Office.
19         MR. BERVID:  Paul Bervid, B-E-R-V-I-D, also
20    on behalf of the Illinois Attorney General's
21    Office.
22         MR. CHIMERA:  Good morning, your Honor.
23              Vincenzo Chimera, C-H-I-M-E-R-A,
24    from the Attorney General's Office.
```

1        THE COURT:  Thank you.

2                    I indicated today that I would

3   have my ruling.  My ruling is not in writing.  I

4   ran out of time.  But I shall give the ruling.

5   And I am sure that's what most people are

6   concerned about.

7                    This Court had the ability to

8   observe the interest, bias, and credibility of

9   the various witnesses who testified in this

10  matter.  This Court took into account only

11  competent, relevant, and material evidence.

12                   Although there are over 100

13  exhibits recovered in this case, those matters

14  which were considered by the Court as concerns

15  those various exhibits which were admitted were

16  only to the limited purpose for which each

17  exhibit was admitted.  Those issues of hearsay

18  were not considered.  Those issues of opinion

19  were not considered.

20                   This is a third stage

21  postconviction hearing.  The issue is whether or

22  not the Petitioner in this matter incurred a

23  substantial denial of his constitutional right

24  during the initial prosecution of this case.

1  This narrows down to whether the statement that
2  the Petitioner gave implicating himself was
3  voluntary or that his will was overborne by the
4  actions of the police causing him to confess.
5          This hearing was essentially a new
6  motion to suppress statements.  At this hearing,
7  the only person that was in the room who
8  testified was the Petitioner.  The present or
9  past detectives were silent.  I am taking that
10 silence into consideration.
11         As concerns September 21st, 1990,
12 there were some circumstantial witnesses.  Those
13 included the Assistant -- two Assistant State's
14 Attorneys, one of each -- each one who took a
15 statement in this matter, and the court
16 reporter.
17         They indicated in their testimony
18 they saw no visual signs of any harm caused to
19 the defendant, and the defendant did not
20 complain of any harm.  It is also fair to note
21 that in the pictures taken of the defendant on
22 that particular day, I can't see any visual
23 signs.  I am not a doctor.
24         He was wearing long pants.  He had

Case: 1:07-cv-03994 Document #: 263-1 Filed: 04/08/11 Page 6 of 10 PageID #:3595

6

1   a long-sleeve shirt on. He was dealing with
2   experienced -- very experienced detectives.
3            Much was made of the fact that the
4   defendant -- the Petitioner, excuse me, in this
5   particular matter -- Petitioner may no
6   complaints. The fact of the matter is, the
7   Petitioner is staying in the custody of the
8   Chicago Police Department after he makes the
9   statement. He is not going home with the
10  State's Attorneys.
11           On the other hand, Mr. Safforld is
12  not a good witness. I have been exposed to
13  Mr. Safforld, known as Cortez Brown by me, for
14  an extended period of time. I found him to be a
15  mature, streetwise individual. He sure didn't
16  testify that way.
17           I don't know what he was like 19
18  years ago. I can only glean that from his
19  testimony and from his behavior at the time of
20  the original incident.
21           When he was interviewed by
22  Sergeant Baker, he lied about his age. He used
23  13. That's the magic number to get you treated
24  as an individual. He didn't give the right

1   name.  He figured maybe nobody would be able to
2   track him down.
3               I will indicate that Sergeant
4   Baker was the best witness in this case.  I
5   believed absolutely everything he said.  The
6   defendant did sign that statement.  That is the
7   defendant's signature.  He was given his rights.
8               The Petitioner's various
9   explanations of the events that occurred in the
10  room don't help his case.  The issues where did
11  you get hit, how did you get hit, what did you
12  get hit with, seem to adjust themselves based
13  upon where he was testifying.
14              Given that, I understand the
15  original ruling in this case.  I understand who
16  the witnesses were, and I understand what the
17  outcome of that ruling was.
18              In this hearing, I had an
19  advantage over the judge in that hearing.  I
20  also had a disadvantage over the judge in that
21  hear.  The disadvantage I had in this hearing
22  was I have no testimony from the other
23  individuals in that room.  My advantage is I
24  have some additional evidence as to the

```
 1    behaviors of some, if not all, of the detectives
 2    in this case.
 3              That evidence is staggering.  That
 4    evidence is damning.  The Petitioner has met his
 5    burden.  Petition granted.  Motion for new
 6    trial.
 7              Court is in session.
 8       THE SHERIFF:  Court is still in session.
 9       THE COURT:  Court will be in recess for
10    five minutes.
11              If you want to celebrate or
12    whatever you want to do, go outside.  I
13    apologize for making the Sims' family victims
14    again.
15
16                   ( WHEREUPON the case was passed
17                     and later recalled. )
18
19       THE COURT:  Cortez Brown.
20              Bring out Mr. Brown, okay -- if
21    they are not up here -- or Mr. Safford.
22       MR. BERVID:  They are not in the hallway.
23    I know that.
24       THE COURT:  Okay.
```

```
1          THE SHERIFF:  They all went downstairs.  Do
2    you need them back up?
3          THE COURT:  Yes.  Tell them I want them
4    right now.
5                Okay.  This matter is -- we need a
6    date.
7          MS. MOGUL:  Good morning again, your Honor.
8                Joey Mogul and Sarah Gelsomino on
9    behalf of Mr. Safforld.
10               Your Honor, we would ask -- and I
11   have discussed this with Mr. Chimera -- if we
12   can set this down for next Friday.
13         THE COURT:  Does that work for you?
14         MR. CHIMERA:  That's fine.  By agreement,
15   Judge.
16         THE COURT:  By agreement to next Friday,
17   which is the 29th.  Okay.  See everybody back
18   here then.
19
20                          ( WHEREUPON the above-entitled
21                            cause was continued to
22                            5-29-09 in Courtroom 600. )
23
24
```

1

2  STATE OF ILLINOIS )
                    ) SS.
3  COUNTY OF C O O K )

4

5           I, SANDRA BATTAGLIA, Official

6  Shorthand Reporter of the Circuit Court of Cook

7  County, County Department, Criminal Division, do

8  hereby certify that I reported in shorthand the

9  proceedings had at the hearing of the

10 above-entitled cause, and that the foregoing is

11 a true and correct transcript of the proceedings

12 had.

13

14

15

16  _____
    Official Shorthand Reporter
17  C.S.R. #084-003168
    Circuit Court of Cook County
18  County Department
    Criminal Division
19
    Dated this ___3rd___ day of
20  _____June_____, 2009

21

22

23

24